IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 17-40024-03-DDC |
| DUSTIN PAUL SMITH (03), | |
| Defendant. | |

MEMORANDUM AND ORDER

Defendant Dustin Paul Smith filed an unopposed motion under Fed. R. Crim. P. 36 (Doc. 67) and a Supplement (Doc. 68). He asks the court to issue a corrected Judgment nunc pro tunc[1] to reflect a shorter sentence of imprisonment to account for his time in Oklahoma state custody on a related case. Doc. 67 at 1. He seeks this relief because the parties apparently believed at sentencing that Mr. Smith would receive that credit, but the Bureau of Prisons ultimately has declined to grant it. *See id.*

For the reasons explained below, the court grants Mr. Smith's motion.

I.   Background

This case involves Mr. Smith's two convictions arising from an August 23, 2016 automobile search that revealed illegal drugs. Doc. 51 at 4–5, 13 (PSR ¶¶ 8–16, 52); *see also* Doc. 67 at 2. Those convictions included (1) a state conviction for methamphetamine

---

[1]   This Latin phrase means "now for then." *Nunc Pro Tunc*, *Black's Law Dictionary* (11th ed. 2019) ("Having retroactive legal effect through a court's inherent power[.]"). A "judgment nunc pro tunc" is a "judgment entered on a day after the time when it should have been entered, replacing that entered on the earlier date; specif., a procedural device by which the record of a judgment is amended to accord with what the judge actually said and did, so that the record will be accurate." *Judgment*, *Black's Law Dictionary* (11th ed. 2019).

possession, and (2) this federal conviction. Doc. 51 at 1, 13 (PSR). The Oklahoma state court conviction occurred first and produced a five-year sentence of state custody. *Id.* at 13 (PSR ¶ 52). In the federal case, Mr. Smith pleaded guilty to interstate transportation in aid of racketeering under a non-binding plea agreement in which the parties recommended a 60-month sentence of imprisonment. *See generally* Doc. 41 (Plea Agreement). The Presentence Investigation Report "did not assess any criminal history points for Mr. Smith's Oklahoma sentence, because the case was relevant conduct to this federal case." Doc. 67 at 2 (citing Doc. 51 at 13 (PSR ¶ 52)); *see also* U.S.S.G. § 4A1.2(a)(1) & cmt. n.1 (limiting "prior sentence" for purposes of computing criminal history to "conduct not part of the instant offense").

During the federal sentencing hearing, defense counsel discussed the Oklahoma sentence. *See* Doc. 67-1 at 7 (Sentencing H'rg Tr. 7:2–13). Defense counsel explained that the parties agreed the state sentence was based on "relevant conduct to this charge" and asked the court to order a concurrent federal sentence. *Id.* The court agreed, noting that it shared "the same view." *Id.* The United States also asked the court to impose the federal sentence "concurrent to the [Oklahoma] conviction listed in paragraph 52 of the presentence report." *Id.* at 10 (Sentencing H'rg Tr. 10:11–15). The court ultimately sentenced Mr. Smith to 60 months' imprisonment and explained that the "term is ordered to run concurrently with the Texas County Oklahoma District Court Docket Number CF-2016-217." *Id.* at 15 (Sentencing H'rg Tr. 15:2–4).

Following his parole to federal custody, Mr. Smith sought credit for his time in state custody. *See* Doc. 67 at 3. But his effort yielded only 49 days of jail credit—reflecting the period between Mr. Smith's arrest and his Oklahoma conviction/sentencing. *See* Doc. 67-2 at 1–3; *see also* Doc. 51 at 13 (PSR ¶ 52). The Bureau of Prisons denied Mr. Smith credit for the remaining 19 months between his Oklahoma conviction/sentencing and his federal sentencing on

May 10, 2018 because that time was credited to his state sentence.  *See* Doc. 67-2 at 3 (discussing 18 U.S.C. § 3585(b)).

Now, Mr. Smith seeks relief under Fed. R. Crim. P. 36.  And the government doesn't oppose his request.  Accordingly, the court reviews the law governing motions under Rule 36 and then applies it to Mr. Smith's unopposed motion.

## II.     Legal Standard

Although a "district court does not have inherent authority to modify a previously imposed sentence[,]" *United States v. Larsen*, 380 F. App'x 789, 791 (10th Cir. 2010) (internal quotation marks omitted), it does possess "inherent power" to "amend its records to correct inadvertent mistakes[,]" *Allied Materials Corp. v. Superior Prod. Co., Inc.*, 620 F.2d 224, 226 (10th Cir. 1980) (citations omitted).  And the Federal Rules of Criminal Procedure supply a rule facilitating correction of clerical errors.  Rule 36 provides that after "giving any notice it considers appropriate, the court may *at any time* correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36 (emphasis added); *see also United States v. Meindl*, 269 F. App'x 849, 850–51 (10th Cir. 2008) (discussing the correction of clerical errors in criminal sentencing context).  "Rule 36 gives the court authority to correct clerical-type errors . . . but does not give the court authority to substantively modify a Defendant's sentence." *United States v. Blackwell*, 81 F.3d 945, 948–49 (10th Cir. 1996) (citations omitted).  "Thus, the scope of Rule 36 is narrow." *United States v. Gardner*, 601 F. App'x 717, 720 (10th Cir. 2015).  A party may file a motion under Rule 36 to request that the court correct a clerical error.  *See id.* at 720–21.

3

**III.     Discussion**

Mr. Smith moves for relief under Fed. R. Crim. P. 36 because the original Judgment failed to reflect the court's original intention. He reasons that the record shows all parties intended "that Mr. Smith's federal sentence would be fully concurrent to his Oklahoma sentence." Doc. 67 at 6. He reminds that "Mr. Smith and the government requested concurrent sentences, and the Court imposed a concurrent sentence." *Id.*

Section 5G1.3(b) of the Sentencing Guidelines provides that if defendant has an undischarged state sentence for an offense that is relevant conduct to the federal conviction, then (1) "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons," and (2) the federal sentence should be run concurrently with the remainder of the state sentence.

Mr. Smith asserts that § 5G1.3(b) applies here. He reasons that (1) the court's "finding that the state case was relevant conduct" and (2) "the order that the sentence be concurrent," together "mandate the conclusion that Mr. Smith should receive credit for the 19 months he spent in state custody prior to his federal sentencing." Doc. 67 at 6 (first citing Doc. 67-1 at 7 (Sentencing H'rg Tr.); then citing Doc. 67-1 at 15 (Sentencing H'rg Tr.)). Mr. Smith concludes that, as "§ 5G1.3(b) recognizes, receiving credit for the 19 state-custody months is the only way for the sentences to be fully concurrent." *Id.*

The court agrees. Granting Mr. Smith's unopposed motion to correct the Judgment so it reflects a 41-month sentence will align the Judgment with the court's intent, as memorialized in the transcript of Mr. Smith's sentencing hearing. *See* Doc. 64 at 7, 11, 15 (Sentencing H'rg Tr. 7:12, 11:14–17, 15:2–4). And our Circuit has approved this method of adjusting a defendant's

sentence to reflect the period defendant served on an undischarged sentence for a related state offense.  *See United States v. Hill*, 173 F.3d 865, 1999 WL 176202, at *2 (10th Cir. 1999) (discussing U.S.S.G. § 5G1.3).  The court thus grants defendant's unopposed motion (Doc. 67).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Smith's Motion for Correction of the Judgment Nunc Pro Tunc Under Fed. R. Crim. P. 36 (Doc. 67) is granted, consistent with this Order.  The Clerk is directed to enter an amended Judgment reflecting a sentence of 41 months' imprisonment.

**IT IS FURTHER ORDERED BY THE COURT THAT** the terms of Mr. Smith's supervised release be amended to include a special condition requiring residence in a residential reentry center for up to 180 days as directed by United States Probation Office.

**IT IS FURTHER ORDERED BY THE COURT THAT** this Order is stayed for up to 14 days to allow the United States Probation Office to secure Mr. Smith's placement in a residential reentry center.

**IT IS SO ORDERED.**

**Dated this 23rd day of April, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**